PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT C. PHELPS  106666
robert.phelps@pillsburylaw.com
JEFFREY S. ROSS 67345
jeff.Janhunen@pillsburylaw.com
ANA N. DAMONTE 215504
Ana.damonte@pillsburylaw.com
JOHN E. JANHUNEN  229504
john.janhunen@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Plaintiff and Counterdefendant CHEVRON U.S.A. INC. and Counterdefendant CHEVRON PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEVRON U.S.A. INC., a corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>M&M PETROLEUM SERVICES, INC., a corporation,<br><br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV07-818 DOC (ANx)<br><br><u>CHEVRON U.S.A. INC.'S *EX PARTE* MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING M&M PETROLEUM INC'S MOTION FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY AND PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES</u><br><br>Hearing Date:<br>Time:<br>Place:　　　Courtroom 9D<br>Before the Honorable David O. Carter<br><br>Discovery Cutoff Date:  August 29, 2008<br>Pretrial Conf. Date:  November 24, 2008<br>Trial Date:  December 9, 2008 |

1  Pursuant to Local Rule 7-18, CHEVRON U.S.A. INC. ("Chevron")
2  hereby makes this *ex parte* motion for reconsideration of this Court's October
3  15, 2008 *Order Granting* [M&M Petroleum Services, Inc.'s ("M&M")]
4  *Motion for Protective Order to Stay All Discovery and Proceedings* ("October
5  15 Order"). This Motion is made pursuant to Federal Rule of Civil Procedure
6  60 and Local Rule 7-18 on the grounds that the Order is manifestly unjust in
7  that the Court, presumably through an oversight, did not provide Chevron with
8  an opportunity to file an Opposition to the Motion and to advise the Court that
9  Mansoor Ghaneeian has waived any right to assert a Fifth Amendment
10 privilege against self incrimination.
11     Chevron *and M&M* filed a stipulation proposing two alternative briefing
12 schedules for M&M's *Notice of Motion and Motion for Protective Order to*
13 *Stay All Discovery and Proceedings* ("Motion to Stay") (Document No. 81).
14 Under either schedule Chevron was prepared to file a timely Opposition to
15 M&M's hastily filed Motion to Stay. Chevron was ready to file its Opposition
16 on October 10, pursuant to the proposed briefing schedule, when the Court
17 issued its October 8, 2008 Order denying the parties' joint stipulation for an
18 order to shorten or extend time to hear M&M's motion for protective order
19 (Document No. 84). Absent an order extending the date by which all motions
20 could be heard, October 20 was the last date for hearing. Since M&M's
21 motion was not filed until October 1, it could not have been heard within that
22 timeframe absent such an order. In compliance with the Court's October 8
23 Order, Chevron did not file its Opposition.
24     However, the Court's October 15 Order grants M&M's Motion to Stay
25 without providing Chevron any opportunity to advise the Court of Mr.
26 Ghaneeian's repeated waiver of the Fifth Amendment in this proceeding. In
27 light of the foregoing, Chevron respectfully requests that the Court reconsider
28

1  M&M's Motion to Stay after considering Chevron's opposition brief attached
2  hereto.  *See Opposition of Plaintiff Chevron U.S.A. Inc. to Motion for*
3  *Protective Order to Stay All Discovery and Proceedings* (the "Opposition").
4      Good cause exists to request this *ex parte* motion.  Pursuant to the Order
5  for Modification of Case Management Schedule dated March 14, 2008, trial is
6  set for December 9, 2008, with a pretrial conference on November 24, 2008
7  and pretrial filings due November 3, 2008.  Declaration of John E. Janhunen
8  ("Janhunen Decl.") at ¶ 3, Exh. A.  The pretrial filings are extensive, including
9  contentions of law and fact, exhibits lists, witness lists and deposition
10 designations.  *Id*.  In addition, the parties have scheduled a mediation for
11 October 29 in order to comply with the Court's October 31 cut off for the
12 settlement conference.  The parties are also seeking to address the issue of
13 Fifth Amendment waiver by seeking a ruling from the Honorable Magistrate
14 Judge Nakazato, and filed a joint stipulation on October 10, 2008 requesting
15 an order to shorten or extend time to hear Chevron's motions for contempt and
16 to compel and for contempt and sanctions on October 30, 2008 (Document
17 No. 85).  *Id.* at ¶ 11, Exh. D.  Finally, the motion cut-off date is Monday,
18 October 20, 2008.  *Id.* at ¶ 6.  Good cause therefore exists for Chevron's *ex*
19 *parte* motion for reconsideration to be heard on an expedited basis because if
20 the Court does reverse its October 15 Order, the parties still need sufficient
21 time to comply with pretrial deadlines.  Even with the exercise of due
22 diligence, the numerous pretrial deadlines cannot be reasonably met by
23 counsel for either party if the Court were to reverse its October 15 Order
24 several weeks from now as contemplated under the standard briefing schedule.
25 Moreover, M&M will not be prejudiced by Chevron's proposal.  M&M
26 already stipulated to its Motion for to Stay being heard on October 20, 2008 or
27 any other date to be determined by the Court.
28

1  Chevron received the Court's October 15 Order when it was e-filed by
2  the Court on October 16, 2008. Notice of *ex parte* motion for reconsideration
3  was immediately given to M&M's counsel on October 16, 2008. Declaration
4  of Jeffrey S. Ross at ¶ 3. On October 17, 2008, Chevron's counsel advised
5  M&M's counsel of the substance of the ex parte motion but M&M's counsel
6  did not state whether M&M would oppose the motion. Janhunen Decl. at
7  ¶ 14.
8  Chevron's motion is based on the Declaration of Jeffrey S. Ross and
9  John E. Janhunen; the Court's file on this matter; and such other evidentiary
10 matter as may be presented at or before any such hearing on this motion, if the
11 Court deems that a hearing is necessary.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **Introduction.**

In late September 2008, counsel for M&M and Mansoor Ghaneeian ("Mr. Ghaeeian") advised Chevron's counsel that M&M would seek a protective order to continue the trial date in this action pending the completion of an ongoing investigation by the Internal Revenues Service ("IRS") into to the financial dealings of M&M and Mr. Ghaneeian. Janhunen Decl. at ¶ 4. Chevron's counsel informed M&M that it would oppose any such motion.[1] The primary basis for Chevron's opposition is that Mr. Ghaneeian, having had notice many months ago that documents had been given to the IRS, filed voluminous declarations and verified discovery responses in this litigation in his effort to suppress Chevron's access to M&M's fraudulent financial records, waived his right to assert the Fifth Amendment in this civil litigation

---

[1] Chevron's counsel also advised M&M that Chevron intended to file a motion to compel and for contempt and sanctions ("Motion to Compel") for Mr. Ghaneeian's refusal to testify at his deposition and refusal to provide documents and verified supplemental responses to Chevron's discovery requests as required by a July 30 Order from Magistrate Judge Nakazato.

and should therefore not receive a trial continuance. Chevron also asserts that Mr. Ghaneeian filed such declarations and verified discovery responses at a time when he was on notice of the possibility of an IRS investigation. Chevron also maintained that M&M's proposed motion for protective order was untimely, and given that it was on notice of the IRS investigation no later than July 17, 2008 when Afsaneh Ehsani, M&M's former bookkeeper, filed a declaration stating that she provided copies of M&M's fraudulent financial records to the IRS.

Given the timing of M&M's announcement, there was insufficient time for M&M to file its Motion to Stay on regular notice pursuant to L.R. 6-1 in light of the impending Motion Cut-Off Date of October 20, 2008.[2] Janhunen Decl. at ¶ 6. In order to comply with standard notice requirements, M&M would have had to notice its Motion to Stay by Monday, September 29, 2008 and file it by Tuesday, September 30, 2008. M&M did not notice or file its moving papers until Wednesday, October 1, 2008. On September 30, 2008, the parties therefore filed a joint stipulation and proposed order to shorten or extend time (the "Proposed Order Shortening Time"), requesting that the Court either shorten time to hear M&M's Motion to Stay on October 14 or 20 or extend time to set a hearing on the Motion to Stay after the Motion Cut-Off Date.[3] Janhunen Decl. at ¶ 5, Exh. B. Pending entry of the Proposed Order Shortening Time, M&M filed and served its Motion to Stay on October 1,

---

[2] Similarly, Chevron was unable to file its Motion to Compel on a timely basis under Local Rule 37 given M&M's late announcement that Mr. Ghaneeian would assert his Fifth Amendment rights and so the parties also entered into a joint stipulation requesting that Magistrate Judge Nakazato shorten or extend time to hear Chevron's Motion to Compel.

[3] Chevron's counsel called the Court's clerk, Ms. Kristee Hopkins at (714) 338-4543 on or about October 1, 2008, and left a voicemail message to advise the Court about the parties' purpose in filing the September 30 Stipulation and offering to answer any questions the Court may have about the structure or content of the Stipulation. Janhunen Decl. at ¶ 13.

701304246v1 - 5 - CHEVRON'S EX PARTE MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING M&M'S MOTION FOR PROTECTIVE ORDER; MEMO OF POINTS & AUTHORITIES
Case No. 07 CV 818 DOC

2008.[4] *Id.* at ¶ 8. The Notice of the Motion to Stay did <u>not</u> state that the hearing on the Motion to Stay was scheduled for October 27, 2008. The notice stated that the hearing date was October 14, 2008 (and/or any other date to be determined by the Court) and noted that a stipulation and proposed order was filed by the parties. *Id.* at ¶ 8.

On October 8, 2008, the Court denied the parties' Proposed Order Shortening Time and did not extend the deadline of October 20, 2008 by when all motions must be heard. *Id.* at ¶ 5, Exh. B. Based on the Court's denial, Chevron's counsel reasonably believed that the Court also denied M&M's request to have its Motion to Stay heard because an order shortening time was required in light of the Motion Cut-Off Date. At no time did M&M or the Court provide Chevron with Notice of a Hearing Date or any indication as to whether, and if so when, its Opposition should be filed. *Id.* Moreover, M&M's counsel presumably believed the Court denied its Motion to Stay. After the Court denied the parties' Proposed Order Shortening Time, counsel for M&M requested that Chevron stipulate to a continuance of the December 9, 2008 trial date given the recent association of new counsel and the Court's October 8 Order. *Id.* at ¶ 12.

II. **<u>Argument</u>.**

Rule 60(b) of the Federal Rules of Civil Procedure provides, "the court may relieve a party for … (1) mistake, inadvertence, surprise or excusable neglect [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Additionally, a "court may relieve a party ... from a final judgment, order, or proceeding for ... [any] reason justifying relief from the operation of the judgment. The major grounds that justify reconsideration involve an

---

[4] Pursuant to Local Rule 37-2 and the parties' joint stipulation filed on September 30, 2008, Chevron served its portion of the Motion to Compel on M&M on Friday, October 3, 2008. Janhunen Decl. at ¶ 10, Exh. C.

1  intervening change of controlling law, the availability of new evidence, or the
2  need to correct a clear error or prevent manifest injustice." *Bettie Page v.*
3  *Something Weird Video*, 960 F. Supp. 1438, 1440 (C.D. Cal. 1996) (citations
4  omitted). Local rule 7-18 provides,

5      "A motion for reconsideration of the decision on any motion
6      may be made only on the grounds of (a) a material difference in
7      fact or law from that presented to the Court before such decision
8      that in the exercise of reasonable diligence could not have been
9      known to the party moving for reconsideration at the time of
10     such decision, or (b) the emergence of new material facts or a
11     change of law occurring after the time of such decision, or (c) a
12     manifest showing of a failure to consider material facts presented
13     to the Court before such decision."

14     Chevron respectfully requests that the Court reconsider its October 15
15 Order pursuant to Rule 60 and Local Rule 7-18. Chevron reasonably believed
16 that the Court also denied M&M's request to have its Motion to Stay heard by
17 the Court because an order shortening or extending time was required in light
18 of the Motion Cut-Off Date. Janhunen Decl. at ¶ 9. In other words, because
19 M&M's Motion to Stay was filed after the September 30, 2008 deadline, the
20 Court had to grant an order permitting the Motion to Stay to be heard, either
21 on shortened or extended time, or else it was not valid. By denying the
22 parties' Proposed Order Shortening Time on October 8, Chevron understood
23 that M&M's Motion to Stay was effectively denied and that Chevron was
24 precluded from filing the Opposition and supporting declaration and exhibits it
25 would otherwise have filed. *Id.*
26     Additionally, by denying the Proposed Order Shortening Time, the
27 Court denied the parties' proposed briefing schedule which required Chevron
28

1  to file its Opposition on Friday, October 10.  Relying on the Court's denial of
2  the Proposed Order Shortening Time, Chevron did not file its Opposition.
3  Although the Order Granting the Motion to Stay refers to a hearing on the
4  Motion to Stay scheduled for October 27, 2008, Chevron never received
5  notice of any hearing.  Accordingly, because the deadline for filing an
6  opposition to the Motion to Stay is calculated based on the date of hearing,
7  Chevron did not have notice of the deadline for filing an opposition to the
8  Motion to Stay.  Had Chevron received notice of the scheduled October 27,
9  2008 hearing, Chevron would have filed its opposition to the Motion to Stay
10 on October 10, 2008 because it was drafted and ready to file with the Court on
11 that date.
12      For all the foregoing reasons, Chevron did not file and the Court was
13 not given the opportunity to consider Chevron's Opposition to M&M's
14 Motion to Stay in making its ruling.  The Court's reconsideration of its
15 October 15 Order is warranted for several reasons.  First, the exclusion of
16 Chevron's voice from this important argument justifies relief.  At a
17 fundamental level, Chevron should be afforded the opportunity to be heard in
18 order to prevent manifest injustice.  Chevron's opposition contains material
19 facts regarding Mr. Ghaneeian's waiver of his Fifth Amendment privilege
20 which the Court did not have, but should consider before deciding whether to
21 stay the proceedings.
22      Second, due to inadvertent mistake, Chevron was not provided notice
23 that the Motion to Stay was scheduled for hearing on October 27, 2008.  If
24 Chevron had notice of the October 27 hearing date, it would have filed the
25 Opposition on Friday, October 10, 2008 as it originally intended, which would
26 have allowed the Court to consider Chevron's opposition prior to ruling on
27 M&M's Motion to Stay.
28

1  Third, as described above, Chevron's failure to file its Opposition was
2  reasonable under the circumstances and excusable under Rule 60(b).
3  Excusable neglect under Rule 60(b) requires the consideration of several
4  factors, including (1) the possibility of prejudice to the opposing party; (2)
5  length of the delay; (3) reason for the delay; and (4) whether the moving party
6  acted in good faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd.
7  Partnership*, 507 U.S. 380, 395 (1993). Here, M&M will not be prejudiced if
8  the Court reconsiders its Order because M&M stipulated to its Motion to Stay
9  being heard on October 20, 2008 or any other date to be determined by the
10 Court. Moreover, Chevron acted reasonably and in good faith under the
11 circumstances when it did not file its opposition to the Motion to Stay.
12 Chevron moved for reconsideration of the Court's order immediately after its
13 entry.
14  Similarly, Local Rule 7-18 permits reconsideration of a court's order on
15 a motion when there is "a material difference in fact or law from that
16 presented to the Court before such decision that in the exercise of reasonable
17 diligence could not have been known to the party moving for reconsideration
18 at the time of such decision." Under this standard, reconsideration is
19 appropriate here because the Court did not have the opportunity to consider
20 Chevron's Opposition or hear oral argument from Chevron prior to ruling on
21 M&M's Motion to Stay. Chevron's Opposition contains material issues of
22 fact and law regarding Mr. Ghaneeian's waiver of his Fifth Amendment
23 privilege that the Court should consider in order to make an informed
24 decision. Despite reasonable diligence, neither Chevron nor M&M
25 understood that the Court intended to rule on M&M's Motion to Stay after
26 denying the parties Proposed Order to Shorten Time.
27
28

1    Alternatively, if the Court is not inclined to grant Chevron's Motion for
2 Reconsideration, or upon reconsideration, should the Court decide to grant
3 M&M's motion, Chevron respectfully requests that the Court allow Chevron
4 to file its Motion to Compel and Magistrate Judge Nakazato to hear and decide
5 Chevron's Motion to Compel. By this means the Court could determine
6 whether or not Mr. Ghaneeian has already waived any Fifth Amendment
7 rights, and if so, whether the trial date should be reset. If Mr. Ghaneeian has
8 waived his Fifth Amendment privilege, Chevron is entitled to the relief
9 requested in its Motion to Compel, to wit, an order compelling Mr. Ghaneeian
10 and M&M to complete their depositions, M&M providing verified
11 supplemental responses to Chevron's discovery requests as required by a July
12 30 Order from Magistrate Judge Nakazato, and an order granting sanctions for
13 contempt related thereto.
14 III.  Conclusion
15    For the foregoing reasons, Chevron respectfully requests that this Court
16 reconsider M&M's Motion for Protective Order and reverse its October 15
17 Order granting the Motion.
18    In the alternative, Chevron respectfully requests that the Court allow
19
20
21
22
23
24
25
26
27
28

1  Chevron to file its Motion to Compel and Magistrate Judge Nakazato to hear
2  and decide Chevron's Motion to Compel.

6  Dated: October 17, 2008.    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                ROBERT C. PHELPS
                                JEFFREY S. ROSS
                                ANA N. DAMONTE
                                JOHN E. JANHUNEN
                                50 Fremont Street
                                Post Office Box 7880
                                San Francisco, CA  94120-7880

                                By _____/s/ Jeffrey S. Ross_____
                                         Jeffrey S. Ross

                                Attorneys for Plaintiff and Counterdefendant CHEVRON U.S.A. INC. and Counterdefendant CHEVRON PRODUCTS COMPANY