O/JS-5

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES - GENERAL</u>**

Case No. SACV 07-818 DOC(ANx)                      Date: October 27, 2008

Title: CHEVRON USA, INC. V. M&M PETROLEUM SERVICES, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
        Date:_____ Deputy Clerk: _____

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

    <u>Kristee Hopkins</u>                      <u>Not Present</u>
    Courtroom Clerk                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

      Before the Court is Plaintiff Chevron U.S.A., Inc.'s Motion for Reconsideration of the Court's Order Granting Defendant's Motion for a Protective Order To Stay All Discovery And Proceedings (the "Motion for Reconsideration"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS Plaintiff's Motion.

**I. BACKGROUND**

      Plaintiff Chevron U.S.A., Inc. ("Plaintiff") markets gasoline and related products through retail outlets operated by independent dealers. Plaintiff develops and builds services stations it leases to independent dealers. Defendant M&M Petroleum Services, Inc. ("Defendant") and Plaintiff entered into a Dealer Lease, Dealer Supply Contract, Optional Temporary Partial Rent Waiver, and Electronic

Authorization Agreement (the "Waiver Letter"), and related agreements (collectively, the "Dealer Agreements") on May 27, 2005 for a service station ("the Premises"). Plaintiff alleges that pursuant to the Waiver Letter, Defendant was required to provide Plaintiff with monthly payments for Fuel Facilities Rent based upon Defendant's motor fuel sales at the service station, an Automotive Service Bay Rent based upon Defendant's Automotive Service Bay ("ASB") sales, and an Alternative Profit Center Rent based on Defendants non-motor fuel sales and non-ASB sales at the service station. Plaintiff alleges that Defendant was required to report these sales to Plaintiff in accordance with procedures set forth in Plaintiff's Rental Accounting Guide.

   Plaintiff filed a complaint against Defendant on July 17, 2007, alleging that on May 22, 2007 and June 20, 2007, Plaintiff's outside auditor, Oseguera & Associates LLP ("the Auditor") attempted to review Defendant's records with regard to the Premises. The Auditor thereafter submitted a report to Plaintiff. Plaintiff further alleges that Defendant failed to produce to the Auditor business records that Defendant's Dealer Lease requires it to maintain and produce for audit. The Auditor determined that Defendant has consistently failed to report a percentage of its ASB work order sales to Plaintiff. Plaintiff also claims that the Auditor found that the work order sales that Defendant did not report to Plaintiff were maintained separately. Specifically, the Auditor found that the work order numbers highlighted in yellow in Defendant's records were not reported to Plaintiff. On July 17, 2007, Plaintiff delivered to Defendant a written notice stating that Plaintiff intended to terminate the Dealer Agreements effective October 15, 2007.

   Plaintiff's current motion relates to an erroneous grant of a stay, by this Court, on October 15, 2008. On September 30, 2008, Plaintiff and Defendant filed a Joint Stipulation for an Order to Shorten or Extend Time to Hear Chevron U.S.A., Inc.'s Motions for Contempt and to Compel M&M's 30(b)(6) and Mansoor Ghaneeian's Depositions and for Sanctions (the "Stipulation"). On October 8, 2008, this Court denied the Stipulation. On October 1, 2008, Defendant M&M Petroleum Services, Inc. ("Defendant") filed a motion to stay all discovery and proceedings until the conclusion of an investigation being conducted by the Internal Revenue Service into third-party Mansoor Ghaneeian ("Ghaneeian")(the "Motion for Stay"). Plaintiff did not file an opposition to the Motion for Stay. This Court granted the Motion for Stay on October 15, 2008.

   In the instant Motion for Reconsideration, Plaintiff brings to the Court's attention the fact that Defendant's Motion for Stay was not timely filed. October 20, 2008 was the last date for hearing in this case. Therefore, it was not possible for the Motion to Stay, filed on October 1, to be heard within the October 20, 2008 time frame. Thus, Plaintiff understood this Court's denial of the Stipulation to constitute an effective denial of the Motion for Stay and, accordingly, Plaintiff did not file an opposition to the Motion for Stay.

## II. LEGAL STANDARD

   Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing

of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

These grounds are further limited by the Local Rules. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

## III. DISCUSSION

This case meets the high bar that applies to motions for consideration. The Court's granting of the Motion to Stay was in error. Because the Court failed to notice that the Motion to Stay was untimely, Plaintiff was erroneously denied the opportunity to file an opposition to the Motion to Stay. Therefore, under FED. R. CIV. P. 60(b)(1), the Court's October 15, 2008 order, granting the Motion to Stay, is revoked.

## IV. OUTCOME

The Court's October 15, 2008 order, granting the Motion to Stay, is hereby REVOKED. The Court has received, concurrent with Plaintiff's Motion for Reconsideration, Plaintiff's Opposition to the Motion to Stay. Defendants are ordered to file their reply, if any, by November 7, 2008. A status conference is scheduled for November 24, 2008 at 8:30 a.m.

The Clerk shall serve this minute order on all parties to the action.