## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - ORDER

Case No.    SACV 07-818 DOC (ANx)                    Dated: December 30, 2008

Title:    *Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.*
==========================================================
Present:  **Hon. Arthur Nakazato,  United States Magistrate Judge**
(In Chambers - No Appearances)

Melissa Cash                                         None_____
Deputy Clerk                                         Court Reporter


**Proceedings:**    Motion for contempt and to compel defendant M&M Petroleum
Services, Inc. and Mansoor Ghaneeian's depositions and for sanctions
("Motion") (dkt #115)

**Rulings:**    The Motion is GRANTED IN PART AND DENIED IN PART (details
discussed below).


**Discussion:**

Having read and considered the parties' respective papers relating to the Motion,
including the Joint Stipulation (dkt #116) ("JS") and numerous supporting exhibits, the Court
found this matter was appropriate for disposition without a hearing.  *See* Rule[1] 78; Local
Rule 7-15.  Therefore, the hearing date was vacated and removed from the Court's calendar,
and the Clerk notified counsel for the parties that no appearances were required.

### I. Background

This is a lawsuit between plaintiff and counter-defendant Chevron U.S.A., Inc.
("Chevron") and defendant and counter-claimant M&M Petroleum Services, Inc. ("M&M"),
the owner and operator of a Chevron-branded service station located in Newport Beach,
California.  In its complaint for declaratory relief pursuant to the Petroleum Marketing
Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq.*, Chevron principally alleges that it
lawfully terminated M&M's dealership under the PMPA because M&M failed to disclose
financial records to Chevron, under-reported certain income to Chevron and the IRS, and

---

[1]   Unless noted otherwise, Rule shall refer to the Federal Rules of Civil Procedure.

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 2 of 11
================================================================================

withheld income from Chevron, in violation of certain terms of various dealer agreements between Chevron and M&M.  (Chevron's 7/17/07 Complaint, ¶¶ 15-25 (dkt #1).)  M&M disagrees and, by its First Amended Counterclaim (dkt #17), M&M seeks to prevent its termination as a Chevron dealer.

On September 11 and 22, 2008, Chevron deposed Mansoor Ghaneeian, M&M's president and majority shareholder.  The deposition transcripts and exhibits establish that Mr. Ghaneeian appeared in his capacity as M&M's Rule 30(b)(6) designee (Jahunen Decl. (dkt #117), Ex. L) as well as in his individual capacity, which Chevron  compelled pursuant to a Rule  45 deposition subpoena that also commanded Mr. Ghaneeian to produce certain records. (*Id.*, Ex. N).  During the second session of his deposition held on September 22, 2008, Mr. Ghaneeian invoked his privilege against self-incrimination in response to a majority of the questions posed by Chevron's counsel before the deposition was terminated by his former counsel of record, Thomas J. Borchard, who appeared as counsel for both M&M and Mr. Ghaneeian.  (*Id.*, Ex. AA (dkt #117-28) at AA 292-293, 311-314.)   Mr. Ghaneeian invoked the privilege because, five days earlier on September 17, 2008, he and Mr. Borchard met with two IRS agents and were informed that Mr. Ghaneeian was the target of an IRS criminal investigation (presumably based upon written information about M&M and Mr. Ghaneeian that Ms. Eshani claims she furnished to the IRS in August or September of 2007).  (Borchard Decl. (dkt #119), ¶ 10.)

By its Motion, Chevron moves for an order: (1) finding Mr. Ghaneeian waived his Fifth Amendment privilege against self-incrimination; (2) directing Mr. Ghaneeian to appear for his deposition in both his individual capacity and as M&M's Rule 30(b)(6) designated witness; (3) compelling M&M's further compliance with the Court's discovery order dated July 30, 2008 ("July 30 Order"); (4) directing Mr. Ghaneeian to verify the supplemental response to Chevron's document requests as directed in the July 30 Order; and (5) imposing certain evidentiary sanctions against M&M.  (JS at 37-38.)

Alternatively, in the event the Court finds Mr. Ghaneeian did not waive his Fifth Amendment privilege, Chevron requests the Court to issue an order: (1) directing M&M to produce an alternative Rule 30 (b)(6) witness; (2) barring M&M from offering in evidence Mr. Ghaneeian's prior statements in declarations and verified discovery responses regarding issues surrounding documents contained in the "Green Book" or "Bible" and M&M's

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 3 of 11
===============================================================================

underreporting of revenue to Chevron and the taxing authorities; and (3) imposing adverse inference sanctions.  (*Id.* at 38.)  Chevron also requests the Court to impose monetary sanctions against M&M "to reimburse Chevron's attorneys fees and costs incurred in bringing this [M]otion and attending the frustrated September 11 and 22[, 2008] deposition of Mr. Ghaneeian and M&M's [Rule] 30(b)(6) witness."  (*Id.*)

M&M opposes the Motion and requests the Court to find Mr. Ghaneeian did not waive his Fifth Amendment privilege and should not be required to reappear for his deposition. (*Id.* at 39.)  "M&M agrees to permit Chevron's computer forensic specialist to take a mirror image of M&M's computer and that it will produce verified amended responses to Chevron's document requests nos. 18 and 19, provided that the Court modify its July 30 [Order] so that Mr. Ghaneeian is not required to potentially waive his Fifth Amendment privilege by verifying the responses."  (*Id.*)  "M&M also agrees to produce another Rule 30(b)(6) deponent to testify to the issues identified in Chevron's Rule 30(b)(6) deposition notice."  M&M contends the Court should deny Chevron's requests for monetary, evidentiary, and negative inference sanctions.  (*Id.*)

The parties are familiar with the other background facts and each party's contentions, all of which are set forth in the JS.  Accordingly, only those facts that are helpful to understanding the Court's rulings will be discussed in this Order.

After carefully considering the parties' respective positions, the Court makes the following rulings.

## II.  Analysis

### A.  Fifth Amendment Waiver Issue

Chevron's primary moving contention arises from Mr. Ghaneeian's aforementioned invocation of his Fifth Amendment privilege against self-incrimination during the second session of his deposition that took place on September 22, 2008.  Relying principally upon *Klein v. Harris*, 667 2d. 274 (2d Cir. 1981), Chevron contends Mr. Ghaneeian waived his right against self-incrimination because he previously made sworn statements in this lawsuit directly relating to issues that he was questioned about at his second deposition session and

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 4 of 11
================================================================================

this Court's July 30 Order. (JS 8-9.)  The prior statements in question are:

(1)  Mr. Ghaneeian's statements that he "reviewed the documents returned by Ehsani on February 28th" and "[i]ncluded in those documents were . . . hundreds of pages of computer and handwritten notes and records related to a variety of my businesses, including M&M . . . .[;]" and with respect these documents, his related statement that "[i]n fact, I have never seen many of the notes and computer-created records and am informed and believe that Ehsani may have created such documents herself."  These statements were made in a declaration that Mr. Ghaneeian signed on July 10, 2008, in his capacity as M&M's president and in support of M&M's opposition to Chevron's prior motion to compel. (Janhunen Decl. (dkt #117), ¶ 10, Ex. J.)

(2)  M&M's 8/18/08 responses to Chevron's requests for admission, verified by Mr. Ghaneeian, in which M&M denied Chevron's requests to admit that "(i) M&M failed to report all M&M's Automotive Service Bay Work Order Sales to both H&N Financial Services, Inc. ("M&M's outside accountants who prepared its tax returns)" and "(ii) M&M maintained some of M&M's summary income or expense records during the relevant period in a record that some M&M employees referred to as the Green Book."  (*Id.*, ¶ 15, Ex. O.)

(3)  M&M's 8/19/08 supplemental responses to Chevron's document requests nos. 18 and 19, that were made in response to the Court's July 30 Order and verified by Mr. Ghaneeian, in which M&M states that it had no knowledge about the Bible or the Green Book and that it is informed and believes no such documents ever existed. (*Id.*, ¶ 19, Ex. S.)

(JS at 9-10.)  The Court finds Chevron's waiver argument lacks merit for three reasons.

First, although *Klein* has been widely cited in the 27 years that have passed since it was issued by the Second Circuit, its two-part test for determining whether a waiver has occurred has never been adopted by the Ninth Circuit, an observation shared by at least two other district courts in California. *Universal Trading & Investment Co. v. Kiritchenko*, 2007 WL 2300740 at *4 (N.D. Cal. filed Aug. 2, 2007); *Nursing Home Pension Fund v. Oracle*

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 5 of 11
==============================================================================

*Corp.*, 2007 WL 1880381 at *12-13, n.16 (N. D. Cal.).

Second, even if *Klein* is considered for its instructive value, this Court finds Chevron has failed to establish that Mr. Ghaneeian's aforementioned prior statements constitute the type of incriminating "testimonial statements" within the meaning of *Klein* that would support a waiver finding, particularly given *Klein's* emphasizes that "a 'testimonial waiver' is not to be lightly inferred, and the courts accordingly indulge every reasonable presumption against finding a testimonial waiver." *Id.* Under *Klein's* two-part test, no testimonial waiver occurs unless: (1) the witness's prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth amendment's privilege against self-incrimination. *Id.* at 287. In order to satisfy *Klein's* second "reason to know" requirement, the witness's prior statements must be "(a) 'testimonial,' meaning that they were voluntarily made under oath in the context of the same judicial proceeding, . . . and (b) 'incriminating,' meaning that they did not merely deal with matters 'collateral' to the events surrounding the commission of the crime, . . . but directly inculpated the witness on the charges at issue." *Id.* at 288.

Chevron has not demonstrated that any of Mr. Ghaneeian's prior statements constitute incriminating testimonial statements within the meaning of *Klein*. Doing so essentially requires Chevron to show Mr. Ghaneeian's prior statements are tantamount to a direct, point blanket unequivocal admission that he knowingly under-reported M&M income to Chevron and the IRS, and that he kept track of M&M's true income in the so-called Green Book or Bible. The prior statements do not rise to this level. To the contrary, far from being inculpatory, Mr. Ghaneeian's prior statements are more properly characterized as exculpatory statements that refute the charges Chevron is making through its chief witness, Ms. Eshani. The Court further observes that, in making its waiver argument, Chevron ignores other prior statements that Mr. Ghaneeian made in his 6/30/08 declaration supporting M&M's opposition to Chevron's prior motion to compel (Jahunen Decl., Ex. I), including his statements that Ms. Eshani is a disgruntled former employee who quit working for M&M in September 2007 and then, among other things: (1) "attempted to hold the documents for ransom and demanded the payment of $100,000.00 in exchange for their return of M&M's own documents[;]" (2) "filed false claims" against M&M with various state agencies, all of which were either dismissed or withdrawn; and (3) "demanded large payments of money,

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 6 of 11
================================================================================

and even made physical threats against [Mr. Ghaneeian's] family and [Mr. Ghaneeian, and o]n several occasions, [Ms.] Ehsani even demanded that [Mr. Ghaneeian] purchase her a house." (*Id*., Ex. I at I-105 to I-107.)[2]

Third, the Court finds Chevron's waiver argument lacks merit for the reasons discussed in M&M's opposing contentions at pages 29 through 35, inclusive, of the JS.

Based upon the foregoing, Chevron's Motion is denied in part to the extent it seeks a finding that Mr. Ghaneeian waived his Fifth Amendment right against self-incrimination.

**B.      Resumption of M&M's deposition**

M&M acknowledges that Chevron has a right to complete M&M's deposition and has agreed to produce someone other than Mr. Ghaneeian as its Rule 30(b)(6) designee.  (JS at 35:25-36:4)  An organization whose deposition is sought has the right to select its designee.  Rule 30(b)(6).  Accordingly, the Motion is **granted in part** in that M&M must produce its Rule 30(b)(6) alternative designee so that Chevron may complete M&M's deposition.  Unless Chevron otherwise agrees, the deposition shall resume within fifteen days of this Order.  It shall be taken on a date and time selected by Chevron and the location shall be the Orange County office of M&M's counsel.   Further, because a corporation does not have a Fifth Amendment right against self-incrimination, M&M's alternate designee may not refuse to answer questions by invoking the Fifth.  In this regard, Chevron may ask M&M's alternative designee questions pertaining to M&M that Mr. Ghaneeian refused to answer by invoking his privilege against self-incrimination on September 22, 2008, and M&M's alternative designee may not refuse to answer these questions on the grounds that the questions have previously been asked and answered.

---

[2]      Assuming these prior statements are true, it is Ms. Eshani who may wish to consider retaining independent counsel to explore her need to invoke her Fifth Amendment privilege against self-incrimination in the event M&M takes her deposition or Chevron calls her to testify at trial as its key witness.

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 7 of 11
================================================================================

## C.    Resumption of Mr. Ghaneeian's Rule 45 deposition

Chevron subpoened Mr. Ghaneeian to give deposition testimony and produce documents in his individual capacity. Chevron has a right to take and complete Mr. Ghaneeian's deposition because he is clearly a percipient witness regardless of whether or not the IRS criminal investigation proceeds. Chevron also has a right to discover if Mr. Ghaneeian is in possession, custody or control of any relevant documents or information responsive to the categories set forth in the Rule 45 subpoena. Accordingly, the Motion is **granted in part** in that Mr. Ghaneeian is ordered to reappear for his deposition. Unless Chevron otherwise agrees, his deposition shall resume within fifteen days of this Order, and it shall be on a date and time selected by Chevron but must take place at the Orange County office of M&M's counsel. Mr. Ghaneeian has a right to invoke his privilege against self-incrimination to any question that may incriminate him or provide a link to incriminating evidence against him. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). On other hand, Mr. Ghaneeian cannot have it both ways. Specifically, it will be inappropriate for Mr. Ghaneeian to invoke the Fifth to questions that are not incriminating or do not provide a link to incriminating evidence against him. Further, if he properly invokes the Fifth during the third session of his deposition, he cannot later waive the privilege and provide answers to the same or similar incriminating questions at trial without the consequence of an adverse inference. *NationwideLife Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (holding district court did not err in barring defendant from giving trial testimony on incriminating questions that she previously refused to answer during her deposition by invoking the Fifth and allowing plaintiff to draw adverse inference from defendant's invocation of the Fifth; "trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial. . . .because . . . the potential for exploitation is apparent.")

If necessary, the ultimate issue of whether Mr. Ghaneeian properly invoked the Fifth (should he decide to do so) must be dealt with on a question-by question basis at some future time after his deposition is completed. In this regard, counsel for the parties are directed to review Mr. Ghaneeian's deposition transcript for the September 22 session and discuss what, if any, questions Chevron may wish to pose to M&M's replacement designee.

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 8 of 11
================================================================================

**D.     M&M's Further Compliance with the Court's July 30 Order**

        Chevron contends "M&M should be held in contempt" because it "effectively ignored this Court's July 30 Order to produce all documents responsive to Chevron RFP Nos. 18 and 19, including the originals of any documents contained in the 'Bible' or 'the Green Book' (Order at 9-10) and to 'give a full, complete and non-evasive explanation for M&M's inability to comply or produce a specific document or documents.'" (JS at 21:3-4, 22:20-25.) Chevron asserts M&M's compliance fell short of what was ordered because, instead of producing copies of its financial statements and electronic versions of its computer financial records, M&M simply produced a copy of compact disk of M&M records that M&M's former outside accountancy firm had already produced in response to Chevron's third-party subpoena duces tecum. (*Id.* at 22:25-23:1.) Chevron asserts M&M did not comply with the Court's directive to provide a "full, complete, non-evasive explanation for [its] inability to comply or produce" specific documents by serving a supplemental response verified by Mr. Ghaneeian that stated M&M "had no knowledge about 'the Bible' or 'Green Book' and to its 'knowledge and belief there is and never has been a 'Green Book' or 'Bible.'" (*Id.* at 23:2-7.) Chevron acknowledges that, during the Local Rule 37-1 pre-filing conference, M&M agreed to allow Chevron's forensic expert access M&M's main computer in Ms. Eshani's former office for imaging and analysis, but that access to the computer has not yet been provided and M&M has steadfastly refused to provide a further supplemental response verified by Mr. Ghaneeian. (*Id.* at 24:15-26.)

        The Motion is **denied in part** to the extent it requests the Court to hold M&M in contempt of the July 30 Order because contempt sanctions are disfavored and only imposed as a last resort, particularly where, as here, lesser sanctions can be imposed in order to compel compliance or remedy a party's disobedience with a discovery order.

        Further, the Court has reviewed M&M's verified supplemental response and finds it complies with the substance of the July 30 Order by stating it has produced all of the responsive documents with the exception of the originals or copies of "the Bible" or "Green Book," which M&M denied having any knowledge about, and that it was informed and believed never existed. (Jahunen Decl., Ex. S.) Moreover, as discussed above, in his declaration dated July 10, 2008, in support of M&M's opposition to Chevron's prior motion to compel, Mr. Ghaneeian declared that he is informed and believes "[Ms.] Ehsani may have

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 9 of 11
================================================================================

created such documents herself." (*Id.* Ex. J.)

Nonetheless, it does not appear M&M's supplemental response directly and expressly confirms that its responsive documents included hard copies of each and every responsive record that was found on its computers, including all computers used by Ms. Eshani and Mr. Ghaneeian. Further, the Court finds M&M's offer to allow Chevron's forensic expert to search the computer used by Ms. Eshani is not necessarily responsive because M&M has not yet allowed Chevron to make this inspection. If Ms. Eshani's accusations about the existence of the so-called Bible or Green Book are true, then Chevron is entitled to determine whether the information contained in Bible could have been copied or maintained on some other computer or electronic storage device, including a device used by Mr. Ghaneeian that Ms. Eshani never used herself. Accordingly, the Motion is **granted in part** as follows: Within fifteen days of this Order, M&M shall serve a verified second supplemental response to the foregoing requests that must verify its supplemental responses to request nos. 18 and 19 include a diligent search of every computer used by Ms. Eshani and Mr. Ghaneeian to store, record or keep track of M&M's revenues. M&M shall forthwith allow Chevron's forensic expert to inspect and make a full mirror image of said computer or computers to ascertain for itself whether all responsive documents have been produced or, not to imply anything sinister, whether any relevant information on the hard drive or drives have been destroyed, erased, or wiped. The request may be verified by M&M's custodian of records. To the extent Chevron wishes to determine the extent to which Mr. Ghaneeian may have accessed, transferred, or copied information, including any information in the alleged Green Book or Bible, from any M&M computer used by Ms. Eshani to any personal computer used or accessed by Mr. Ghaneeian, Chevron is free to pose appropriate questions to Mr. Ghaneeian during his deposition that may have a bearing on these issues. Mr. Ghaneeian can answer these questions directly, particularly to the extent he continues to maintain the Green Book or Bible never existed or, if he believes his answer may produce a link to incriminating information, he has a right to invoke the Fifth.

**E.     Chevron's request for various non-contempt sanctions**

"The court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d)(2). On the other hand, "[a]t any time

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 10 of 11
===============================================================================

during a deposition, a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Rule 30(d)(3)(A).

The Court finds it is premature to impose sanctions against Mr. Ghaneeian for invoking the Fifth during the second session of his deposition. Mr. Ghaneeian, but not M&M, has a right to invoke the Fifth to questions that might provide a link to incriminating evidence against him with respect to the IRS's pending criminal investigation. *See Glanzer*, 232 F.3d at 1263. The deposition transcripts for the first and second sessions of Mr. Ghaneeian's deposition indicate he appeared in both his individual capacity pursuant to Chevron's Rule 45 deposition subpoena as well as M&M's Rule 30(b)(6) designee. But it is not clear whether each of Chevron's questions were being posed to Mr. Ghaneeian in his sole capacity as M&M's designee pursuant to the Rule 30(b)(6) deposition notice, his sole individual capacity pursuant to the Rule 45 subpoena, or both. The capacity in which Chevron's questions were being posed would be easier to answer if Chevron had only served the Rule 30(b)(6) deposition notice on M&M because then it would be eminently clear that Mr. Ghaneeian had only appeared in his capacity as M&M's designated witness and could not have properly invoked the Fifth. But that is not what happened. Instead, Chevron compelled Mr. Ghaneeian to appear in both capacities by serving him with a Rule 45 subpoena and serving M&M with the Rule 30(b)(6) deposition notice. By doing so, Chevron created an ambiguity that reasonably left Mr. Ghaneeian in the awkward position of making statements that might have been used against him in his individual capacity. Further, Chevron's Motion does not establish, on a question-by-question basis, that Mr. Ghaneeian's invocation of his personal Fifth Amendment right against self-incrimination was improper because the question did not require him to give an answer that was directly incriminating or would provide a link to incriminating evidence.

Further, the Court finds Chevron's request to impose monetary sanctions against M&M for the fees and costs it incurred in taking the Ghaneeian deposition thus far is not persuasive. Chevron basically chose to proceed with the second session on September 22, 2008, even though former counsel for M&M and Mr. Ghaneeian notified Chevron's counsel that, on September 17, 2008, two IRS agents notified Mr. Ghaneeian that he was the target of an IRS criminal investigation, and that M&M would seek to stay this action in the event Chevron opposed M&M's request for the same. Chevron not only demanded to proceed, but

Chevron U.S.A. Inc. v. M&M Petroleum Services, Inc.
SACV 07-818 DOC (ANx)
December 30, 2008
Page 11 of 11
===============================================================================

it threatened to bring the pending Motion if Mr. Ghaneeian did not reappear on September 22, 2008.  Chevron's counsel were well aware that Mr. Ghaneeian may be invoking the Fifth under the circumstances and forced the issue by demanding to proceed with the deposition instead of agreeing to defer the resumption of the deposition until M&M and Mr. Ghaneeian had an opportunity to seek a stay or protective order, which the Court initially granted and then denied.  Under the circumstances, the Court finds monetary sanctions would not be appropriate.  See Rule 30(d)(3)(C) and Rule 37(a)(5)(A)(ii)-(iii).

Accordingly, the Motion is denied without prejudice to the extent Chevron seeks any form of non-contempt sanctions.

cc:   JUDGE CARTER
      All Parties                                    Initials of Deputy Clerk  mc